IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATHANIEL J. LLOYD,

                         Plaintiff,

    v.                                                                        OPINION and ORDER

THE DEPARTMENT OF CORRECTIONS,                      24-cv-460-jdp
WISCONSIN,

                         Defendant.

---

      Plaintiff Nathaniel Lloyd, proceeding without counsel, is a prisoner at Stanley Correctional Institution. He alleges that he has been erroneously designated as an active member of a "security threat group," the Department of Corrections's term for a gang. The court has allowed Lloyd to proceed with this case without immediate payment of the full filing fee, and Lloyd has paid the initial partial filing fee. Dkt. 5.

      The case is before me for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, which require me to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. I must accept Lloyd's allegations as true and construe them generously, holding the amended complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Lloyd must allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). I will dismiss Lloyd's complaint because his allegations fail to state a claim for which relief can be granted. But I will give him the opportunity to file an amended complaint that fixes the problems identified in this order.

ANALYSIS

Lloyd contends that the Wisconsin Department of Corrections violated his constitutional rights and discriminated against him on the basis of race by adopting policies under which its employees refused his request to remove his designation as a member of a security threat group. Specifically, Lloyd alleges that his designation is based on "alleged documented activity from over a decade ago" and that the DOC refused to consider whether he is an active member of a security threat group when it denied his request to remove the designation. Dkt. 1, at 4. Lloyd alleges that prison staff view him "in a derogatory light" because of the designation coupled with his ethnic heritage and more readily punish him than white prisoners who act the same way. *Id.*, at 6. Lloyd asks the court to order the DOC to remove the security threat group designation from his file and award him damages.

A threshold problem with Lloyd's complaint is that the sole named defendant is the Department of Corrections. Lloyd cannot sue the Department of Corrections itself for damages because state agencies are not "persons" who may be sued under § 1983. *See Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748–49 (7th Cir. 2005). But a plaintiff can sue a state officer in his official capacity to obtain "prospective equitable relief for ongoing violations of federal law." *See Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007). I could add the secretary of the Department of Corrections as a nominal defendant for Lloyd to seek prospective equitable relief, so I will consider whether Lloyd's allegations state a claim for declaratory or injunctive relief.

I will dismiss Lloyd's complaint because none of his allegations identify a policy that violates Lloyd's constitutional rights or other ongoing violation of federal law. Lloyd challenges the DOC's policy of relying on his past record of involvement with a security threat group and

not investigating his current activity with the group when considering his request to remove his designation as a member of a security threat group. But a policy of considering an inmate's decade-old record when making a security threat group assessment does not, by itself, violate any constitutional right. Lloyd's allegations that the DOC denied his request "without cause, or sufficient explanation as to the justification of such" suggests that Lloyd believes the DOC violated his right to due process when it focused on his past record without considering his current activities. But due process protections apply only when a protected liberty or property interest is at stake. *See Abcarian v. McDonald*, 617 F.3d 931, 941 (7th Cir. 2010). None of Lloyd's allegations identify a protected liberty or property interest denied by the DOC's policy of relying on his past record when considering his request for removal of his gang designation.

Lloyd's claim boils down to a disagreement with the decision that he meets the criteria for being identified as a gang member based on his past record. But Lloyd himself alleges that his record contains information from which the DOC could designate him a gang member. Specifically, he alleges that "he has not participated in the furtherance of any [activities that would qualify as those of a gang] in well over a decade." Dkt. 1, at 6. This allegation implicitly admits that, at some point in the past, Lloyd engaged in activities that met the definition of participating in a security threat group. The DOC's adoption of a policy for analyzing an inmate's history related to security threat groups and the application of that policy to Lloyd's record of security threat group activities is the type of security-related judgment "needed to preserve internal order and discipline and to maintain institutional security" for which "courts must afford prison administrators 'wide-ranging deference.'" *Henry v. Hulett*, 969 F.3d 769, 783 (7th Cir. 2020) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).

3

As for Lloyd's allegations related to being treated differently based on his race, Lloyd's vague statement that he is given fewer protections than "Caucasian inmates" or "other inmates not identified as a member of [a security threat group]" is insufficient to state a claim under the Equal Protection Clause of the Fourteenth Amendment or under federal anti-discrimination statutes. To state an equal protection claim, a prisoner must typically allege that the defendant mistreated him because of membership in a protected class like race, sex, or national origin. *See Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). In certain cases, a plaintiff can bring a "class of one" equal protection claim by showing that "he was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). Lloyd says that DOC considered his race as a factor when designating him as a gang member and the DOC's only basis for discounting his current good behavior and lack of gang activity is his "ethnic background and current conviction." Dkt. 1, at 5. Lloyd also alleges that his "ethnic heritage, coupled with his alleged [gang] affiliation, causes employees of the [DOC] to view him indifferently, and in a derogatory light." *Id.*, at 6. But elsewhere in his complaint Lloyd alleges that the DOC originally designated him as a gang member based on past conduct that met the statutory definition and that his designation as a gang member is the reason that he is treated differently than other inmates who do not have the designation. Dkt. *Id.*, at 8. Because Lloyd does not identify what actions he believes officials took because of his race, his allegations fail to state an equal protection claim.

I will give Lloyd a chance to file an amended complaint to fix the problems with his claims. In drafting his amended complaint, Lloyd should remember to do the following:

4

- Simply state (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific person who committed those acts; and (4) what relief he wants the court to provide.

- Omit legal arguments other than explaining what types of claims that he wishes to assert.

If Lloyd does not file an amended complaint by the deadline set below, I will dismiss this case for his failure to state a claim and the court will record a "strike" against him under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Nathaniel J. Lloyd's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until February 7, 2025, to submit an amended complaint addressing the problems detailed in the opinion above. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case.

Entered January 14, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge